FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 21 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBERT DONOFRIO,

                Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------X

DECISION AND ORDER

04-CV-3336(WFK)(MDG)

**KUNTZ, United States District Judge**

      Defendants New York City Police Captain Gregg Jacoby ("Jacoby") and New York City Police Lieutenant Paul Paronich ("Paronich") (together "Defendants"), the sole remaining Defendants in this action, move for summary judgment dismissing the Complaint. Plaintiff Robert Donofrio ("Plaintiff") opposes. For the reasons below, this Court grants the motion by Defendants. Due to the extensive history of this action, this Court will assume the parties' familiarity with its relevant facts.[1]

## I. Procedural Issues

      This Court addresses three procedural issues before proceeding to the merits of Defendants' motion.

      First, Plaintiff did not submit a response to Defendant's Rule 56.1 Statement of Facts.[2] While this Court holds the *pro se* Plaintiff's filings to less stringent standards than those drafted by lawyers, it will not dispense with this basic procedural requirement. Accordingly, "each

---

[1] *See* July 25, 2007 Decision and Order (Docket Entry 50) and September 25, 2009 Decision and Order (Docket Entry 87).
[2] Plaintiff submitted responses to Defendants' Rule 56.1 Statements in the first two summary judgment motions filed in this action. Docket Entries 43, 71. The holding of this Court is consistent with the undisputed facts established in those motions.



1

numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for the purposes of the motion[.]" E.D.N.Y. Local R. Civ. P. 56.1(c).

Second, Plaintiff submitted a sur-reply on October 1, 2012 which purports to comply with the amended briefing schedule ordered by this Court on June 13, 2012. The briefing schedule, as amended, allowed Plaintiff until August 31, 2012 to file an opposition to the Motion for Summary Judgment filed by Defendants, and allowed Defendants until October 1, 2012 to file a reply. Docket Entry 120. Plaintiff neither requested nor was authorized to file a sur-reply to Defendants' motion. The Plaintiff elected not to file his own motion for summary judgment in accordance with the schedule this Court established during its January 27, 2012 conference, and therefore he does not possess a right of reply. Nonetheless, this Court did in fact consider Plaintiff's October 1, 2012 submission. It made no difference.

Last, in his July 24, 2007 Decision and Order, the Honorable Edward Korman left intact only two claims: (1) Plaintiff's substantive due process claims concerning Defendants' confiscation of his Florida Concealed Weapon License, and (2) Plaintiff's civil conspiracy claim. Defendants move for summary judgment dismissing both claims. Even though it accords Plaintiff every favorable inference, this Court can only construe Plaintiff's opposition as presenting arguments concerning his substantive due process claims. *See* Ver. Answer to Third Mot. for Summ. J., ¶¶ 1–27. Therefore, Plaintiff has abandoned his civil conspiracy claim, and, accordingly, it is dismissed. *Apple v. Atl. Yards Dev. Co.*, No. 11–CV–5550, 2012 WL 2309028 at *8 (E.D.N.Y. June 18, 2012) (Gleeson, J.); *Metlife Investors USA Ins. Co. v. Zeidman*, 734 F. Supp. 2d 304, 313–14 (E.D.N.Y. 2010) (Spatt, J.); *Lipton v. County of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (Connor, J.).

## II. Standard of Law

This Court must grant summary judgment where the movant "shows that there is no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." *Grynberg v. BP, P.L.C.*, No. 11-cv-1727, 2012 WL 1372091, at *1 (2d Cir. April 20, 2012); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). Because the "mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment," the court's responsibility is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Quarles v. Gen. Motors Corp. (Motor Holdings Div.)*, 758 F.2d 839, 840 (2d Cir. 1985); *Knight*, 804 F.3d at 11.

The movant bears the initial burden of demonstrating entitlement to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). This Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in its favor. *Am. Cas. Co. of Reading Pa. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994). To defeat the motion, the non-movant must "set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Substantive Due Process

Defendants have demonstrated entitlement to judgment as a matter of law dismissing Plaintiff's substantive due process claims.

"In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action[,] but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (quoting *Cnty. Of Sacramento v. Lewis*, 523

U.S. 833, 847 n. 8 (1998)); see also *Zynger v. Dep't of Homeland Sec.*, 370 Fed. Appx. 253, 256 (2d Cir. 2010); *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). Government action which is merely negligent does not reach the threshold required for this Court to find a violation of substantive due process. *Daniels v. Williams*, 474 U.S. 327, 330–33 (1986); *World Trade Center Families for Proper Burial, Inc. v. City of New York*, 359 Fed. Appx. 177, 180–81 (2d Cir. 2009); *Pena*, 432 F.3d at 112.

The record demonstrates Plaintiff was arrested and charged with a felony in July 2002. Def.'s 56.1 Statement, ¶ 6. At some point afterwards, Jacoby contacted the Florida Department of Agriculature and Consumer Services and was informed the agency would suspend a concealed weapons license if its holder is arrested. Def.'s 56.1 Statement, ¶ 7. On or about December 19, 2002, Jacoby confiscated Plaintiff's Florida Concealed Weapons Permit and mailed it to the Florida Department of Licensing. *Id.*, ¶ 7, 8. Although the charges against Plaintiff had been dismissed on September 9, 2002, the Kings County Criminal Court did not issue a certificate of disposition until January 9, 2003. Reply Decl. in Supp. of Summ. J., Ex. A. Jacoby testified he would have required a certificate of disposition to verify that the charges against Plaintiff had been dismissed. Reply Decl. in Supp. of Summ. J., Ex. B. The State of Florida returned Plaintiff's concealed weapons license to good standing on February 12, 2003. Decl. in Supp. of Summ. J., Ex. D. It is not the responsibility of this Court to determine whether Defendants took the ideal course of action under the circumstances presented here, however, it is clear from the undisputed record "no reasonable jury could identify gross abuse of government authority, much less conduct that shocks the contemporary conscience." *Zynger*, 370 Fed. Appx. at 256. Defendants have therefore established prima facie entitlement to judgment as a matter of law.

Plaintiffs' vague and conclusory allegation that Defendants acted with "subjective malice so as to capriciously and willfully denigrate Plaintiff's character causing great harm to my name and family" is insufficient to defeat summary judgment. Ver. Answer to Third Mot. for Summ. J., ¶ 17. The evidence Plaintiff submits does not alter the analysis of this Court. It is immaterial to this Court that Defendants communicated to United States Magistrate Judge Marilyn Go in 2007 that they did not intend to move for summary judgment dismissing Plaintiffs' remaining claims; this Court expressly permitted both parties to file additional motions during its January 27, 2012 conference. *Id.*, Ex. 1. Plaintiffs' claims do not turn on whether he is now or ever was a resident of the state of Florida. *Id.*, Exs. 2–4. Plaintiffs' employment performance history is irrelevant to the claims at issue here. *Id.*, Ex. 6. Indeed, Plaintiff sets forth no specific fact showing a genuine issue for trial. Therefore, this Court grants the Motion for Summary Judgment by Defendants and dismisses this action in its entirety.

**SO ORDERED**

Dated: Brooklyn, New York
December 21, 2012

HON. WILLIAM F. KUNTZ, II
United States District Judge